# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and Twin City Carpenters Pension Master Trust Fund; John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors,<br><br>Plaintiffs,<br><br>vs.<br><br>Doran Construction, Inc.,<br><br>Defendant. | Civil No. 15-1193 (JNE/HB)<br><br>**ORDER FOR ELECTRONIC DISCOVERY PROTOCOL** |

Pursuant to the Court's Notice of Pretrial Conference (ECF No. 6), at the parties' Rule 26(f) conference, the parties conferred about electronic discovery on April 22, 2015. Plaintiffs were represented at the conference by Amanda R. Cefalu, Anderson, Halgen, Davis and Cefalu, PA, 333 South Seventh Street, Suite 310, Minneapolis, MN 55402. Defendant Doran Construction, Inc. was represented at the conference by David Goldstein and Anthony de Sam Lazaro, Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, Minnesota. After discussion, the parties jointly proposed a plan for the production of electronic discovery. Accordingly,

**IT IS HEREBY ORDERED** that the Electronic Discovery Protocol proposed by the parties is **ADOPTED** as follows:

**A.     General Terms**

1.     <u>Application</u>.  The procedures set forth in this Protocol shall govern the production of "documents" and "electronically stored information" ("ESI") as those terms are used by Rule 34(a) of the Federal Rules of Civil Procedure, including paper documents that have been converted to ESI.

2.     <u>Objective</u>.  This Protocol is designed, and shall be interpreted to, encourage meaningful cooperation and information sharing between counsel and to minimize the cost and burden of producing ESI and paper document collections that are converted to ESI while preserving and producing reasonably available relevant ESI.  Any practice or procedure set forth herein may be varied by written agreement of the Parties.

3.     <u>Objections Preserved</u>.  Nothing in this Protocol shall be construed to affect in any way the rights of any Party to object to the discoverability, relevance, or admissibility into evidence at the trial of this action, of any materials.

4.     <u>Reservation of Rights</u>.  The Parties reserve all rights under the Federal Rules of Civil Procedure, the Local Rules of this Court, and any relevant Orders of the Court for matters relating to the production of ESI that are not specifically addressed in this Protocol.

5.     <u>Costs</u>.  Each Party shall be responsible for its own costs of responding to discovery requests, except as otherwise agreed or ordered by the Court.  None of the Parties waive their right to assert that cost-shifting is appropriate as to any request for preservation or discovery request made of that Party.

6. <u>Preservation</u>.  The Parties recognize the importance of their respective obligations to preserve evidence, whether electronic or physical, that relates to the claims and defenses in this action.  Each Party represents that it is taking reasonable steps to preserve documents and accessible ESI that relate to the matters of this action.  Notwithstanding the foregoing, all Parties agree that none is required to search or preserve inaccessible sources of ESI where the cost or burden of preservation is excessive as compared to the relevance or value of the information.

7. <u>Production and Review Methodology</u>.  In general, the process of review and production will consist of the Parties:

   a. identifying and agreeing upon an initial list of custodians for both Defendant and Plaintiffs whose files (ESI or documents) may contain potentially responsive documents;

   b. selecting the methods for efficiently and cost-effectively producing such materials with particular attention to methods to produce information contained in complex databases;

      i. if using search terms, then conducting iterative analysis and refinement of the proposed terms to appropriately narrow and tailor the search terms and prevent the creation of a disproportionate burden on the Producing Party;

      ii. the Parties agreed to exchange keywords and other search parameters for the email of relevant custodians, including Plaintiffs' email.

   c. meeting-and-conferring about the costs associated with the harvesting, processing and production of all sources of ESI, and about who shall bear the costs associated with such production pursuant to Federal Rules of Civil Procedure 26(b)(2)(B) and 26(b)(2)(C);

   d. identifying and retrieving responsive documents and ESI;

   e. reviewing the responsive documents and ESI for relevance and responsiveness and identifying those documents and ESI that contain privileged information;

   f. preparing and producing a privilege log; and

   g. processing the documents and ESI to be produced in conformance with Paragraph B.1 below.

Notwithstanding the foregoing, nothing herein shall require a Party to specifically identify documents and ESI produced to the Requesting Party, beyond the metadata index to be provided as described in Appendix A, Paragraph 3.

  8. <u>Inaccessible ESI and Proportionality</u>. The parties shall meet and confer regarding the costs associated with the harvesting, processing and production of sources of ESI that are not reasonably accessible due to undue cost or burden and for such sources where the burden or expense of production outweighs its likely benefit.

  9. <u>Claw-back Agreement</u>.  Prior to the production of any ESI, the Parties shall execute a claw-back agreement that provides for the automatic and immediate return or sequestration of any document that is claimed privileged or protected by the Producing Party.  Nothing in this Protocol shall constitute a waiver by any Party of any claim of privilege or other protection from discovery.  This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 502(d).

  10. <u>Privilege Log</u>. Each Party shall describe on a privilege log all documents that are otherwise relevant and discoverable but which are withheld from production pursuant to any claim of attorney-client privilege, work-product protection, or other privilege or protection afforded under prevailing law.  A comprehensive privilege log will be produced at the close of document production.  Parties will not include on a privilege log attorney-client privileged communications that occurred after the filing of the original Complaint.

Consistent with Federal Rule of Civil Procedure 26(b)(5), the privilege log shall describe the nature of the documents, communications or things not produced in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege protection. If any Party believes that a withheld document may not properly be withheld from production, that party shall notify opposing counsel. Within ten (10) business days of such notification, the parties shall confer in an attempt to resolve the dispute over the withheld document. If the parties are unable to resolve the dispute within ten (10) business days of the Requesting Party's notification, the party seeking disclosure of the document may file an appropriate motion to compel, including a request that the Court review the documents *in camera*.

**B.    Production Parameters**

1.    Form of Production.  Unless otherwise agreed to by the Parties or ordered by the Court, the Parties will, on a going forward basis, produce ESI and documents in a TIFF image format, with accompanying full-text text files and selected metadata as agreed to by the Parties and attached hereto as "Appendix A." The TIFF images will be endorsed with a Bates number that identifies the Producing Party and a Confidentiality designation pursuant to the Court's pretrial scheduling order and/or any Protective Order to be agreed to by the parties. Subject to Paragraph 2 below and as provided in Federal Rule of Civil Procedure 26(b)(2)(E)(iii), no Party shall be required to re-produce any previously produced document or ESI in a different form.

2.    Particularized Need Required for Native Production.  Unless otherwise specified herein, a Requesting Party must make a request for native versions of specific

ESI, but no Party may seek to compel production of native format files of electronic documents on a wholesale or categorical basis. Any request for the re-production of specific ESI in its native format must be made within thirty (30) days from the date the Requesting Party received the ESI it seeks to have re-produced. If at any time a Producing Party deems a Requesting Party's demand for native format documents to be excessive, the Parties will meet-and-confer regarding the scope of this request and narrow the native file production to those documents for which the Requesting Party has demonstrated a particularized need.

     3.    <u>Database Discovery</u>. For all ESI that resides in a database, the Parties will meet-and-confer as necessary regarding the proper and appropriate means to produce such information, but in no event shall any Party be required to grant direct access of its databases or other electronic information systems to another Party.

     4.    <u>Production Media</u>. The Producing Party shall produce ESI on readily accessible, computer or electronic media, including without limitation, hard drive, CD-ROM, or DVD, or such other media as the Parties may agree upon ("Production Media"), along with a load file or files sufficient to load it into the Requesting Party's review tool. The Producing Party shall affix a unique identifying label to each piece of Production Media, which shall identify the date of the production and the sequence of the material in that production.

     5.    <u>Preservation of Original Documents</u>. The Producing Party shall retain copies of native-format files for all ESI produced in this Litigation. The Producing Party

shall take reasonable measures to maintain such copies in a manner so as to preserve the metadata associated with these electronic materials.

6. <u>Document Families</u>.  If a file is a part of a group or family that has been linked or associated through an application (including without limitation e-mails with attachments, linked databases, and presentations linking to or embedding other files) (a "Document Family"), the Producing Party shall make reasonable efforts to preserve the unity of such Document Family, as it existed in the Producing Party's original file, network, or computer.

7. <u>Redactions</u>.  The Parties agree that the following categories of protected information are not subject to production and, to the extent, such information appears as part of a document it shall be removed or redacted prior to production:

   a. information related to a claim of attorney-client privilege, work-product protection or other privilege or protection afforded under prevailing law;

   b. personal information, including personal information of current and former employees and medical information related to Defendants' employees, customers and contractors;

   c. proprietary, trade secret, commercial or financial information; and

   d. information that is otherwise restricted from disclosure by pre-existing third-party agreement or by operation of law, including data protected by government security clearances.

To the extent redactions are required for documents or ESI that would need to be produced in native format pursuant to this Protocol, the Parties agree that the non-redacted portions shall be produced in TIFF formation and that the files need not be produced in native format.

8. <u>Appearance</u>.  Subject to redactions by the Producing Party, each

document's electronic image shall, to the extent reasonably practicable, convey the same information and image as the original document.


Dated:  May 6, 2015                              s/ *Hildy Bowbeer*
                                                 HILDY BOWBEER
                                                 United States Magistrate Judge

## APPENDIX A – Proposed Load File Specification

1. **Data Load File** – Either a metadata CSV or a Relativity load file using the following delimiters will be provided, based on the receiving Party's preference.

    - Field Separator ¶ (Unicode:182)
    - Quote þ (Unicode: 222)
    - Multi-Entry Delimiter ; (Unicode: 59)
    - <Return> Value in Data ® (Unicode: 0174)

2. **Image Load File** – The following specifications will be used.

    - An Opticon image load file with single page, black-and-white, Group IV TIFF files will be provided.
    - The Opticon load file will contain the BegDoc/BegBates value of the corresponding document and path or folder information.

3. **Metadata and Other Document Data** – The data fields identified in the table below will be provided in addition to the images, to the extent available. With reference to these data and productions:

    - **BegBates/BegDoc** is the unique identifier for each record. Each TIFF image will display a Bates stamp.
    - **Extracted Text** contains the path to the corresponding extracted text file for the document.
    - **Group Identifier** is a relational field for indicating attachment relationships. This field will contain the Document ID value of an attachment's parent file. The Group Identifier for a parent document is equal to the Document ID for the parent document.
    - **Native Link** contains the file path and file name of the native file for Microsoft Excel files being produced.
    - **Confidentiality** will be indicated by endorsement with a confidentiality stamp.

| Data Field | Field Type |
|---|---|
| Confidentiality | Fixed-length Text |
| Custodian | Single-choice List |
| BegBates | Fixed-length Text |
| EndBates | Fixed-length Text |
| BegAttach | Fixed-length Text |
| EndAttach | Fixed-length Text |
| Extracted Text | Individual text file |
| File Author | Long Text |
| File Date Created | Date |
| File Date Modified | Date |
| File Extension | Fixed-length Text |
| File Name | Long Text |
| Folder Name | Fixed-length Text |
| Group Identifier | Fixed-length Text |
| MD5 Hash | Fixed-length Text |
| Message BCC | Long Text |
| Message CC | Long Text |
| Message Date Sent | Date |
| Message From | Fixed-length Text |
| Message Subject | Fixed-length Text |
| Message To | Long Text |
| Native Link | Long Text |

4. **Complex Databases or Structured Data** – Databases or other similar structured data will be produced in reasonably usable form, and if necessary, parties will meet-and-confer to determine, on a case-by-case basis, the appropriate format in which to produce such data.