UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Raines and Tim McGough, as Trustees of
the Carpenters & Joiners Welfare Fund and Twin
City Carpenters Pension Master Trust Fund;
John Raines as Trustee of the Carpenters and
Joiners Apprenticeship and Journeymen Training
Trust Fund, and each of their successors,

        Plaintiffs,

v.                                                            Civil No. 15-1193 (JNE/HB)
                                                                       ORDER

Doran Construction, Inc.,

        Defendant.

Trustees of multi-employer, jointly-trusteed fringe benefit plans brought this action against Doran Construction, Inc., to collect unpaid fringe benefit contributions due under a collective bargaining agreement. Doran Construction answered and asserted five counterclaims. Counts I, II, and III of the counterclaims seek the return of payments made by Doran Construction to the plans; count IV seeks an order that enjoins demands for money in violation of section 302 of the Labor Management Relations Act; and count V seeks declarations that Doran Construction "is not and never was subject to any collective bargaining agreement" and that it "owes no contributions to the Funds under any collective bargaining agreement." The trustees moved to dismiss the counterclaims with prejudice for lack of subject-matter jurisdiction[1] and for failure to state a claim upon

---

[1] "A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent." *Cnty. of Mille Lacs v. Benjamin*, 361 F.3d 460, 464 (8th Cir. 2004).

which relief can be granted.  Doran Construction opposed the motion to dismiss.  In their reply, the trustees withdrew their motion with respect to count V.

The Court rejects the trustees' argument that counts I, II, III, and IV should be dismissed for lack of subject-matter jurisdiction.  Doran Construction's claims for return of payments arise under federal law: "'[A]n employer has a federal common law action for restitution of mistakenly made payments to an ERISA plan.'"  *Greater St. Louis Constr. Laborers Welfare Fund v. Park-Mark, Inc.*, 700 F.3d 1130, 1135 (8th Cir. 2012) (quoting *Young Am., Inc. v. Union Cent. Life Ins. Co.*, 101 F.3d 546, 548 (8th Cir. 1996)); *see* 28 U.S.C. § 1331 (2012); *Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972) (concluding that "§ 1331 jurisdiction will support claims founded upon federal common law as well as those of a statutory origin").  A district court has jurisdiction to restrain violations of section 302 of the Labor Management Relations Act.  29 U.S.C. § 186(e) (2012); *Local 144 Nursing Home Pension Fund v. Demisay*, 508 U.S. 581, 588-89 (1993).[2]

The trustees moved to dismiss Doran Construction's claims for return of payments because Doran Construction failed to sufficiently allege that contributions were made due to a mistake of fact or law, failed to comply with the process contemplated by 29 U.S.C. § 1103(c)(2)(A)(ii) (2012), and failed to timely assert the claims.  Subject to certain exceptions, ERISA's anti-inurement provision provides that "the assets of a plan shall

---

[2]     The trustees understood Doran Construction's counterclaims to assert that the trustees or the funds are labor organizations within the meaning of the Labor Management Relations Act.  Doran Construction's counterclaims appear to rely on the Act's restrictions on demands by employees' representatives for payments from employers.

never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan." 29 U.S.C. § 1103(c)(1). Nevertheless, if a contribution or payment "is made by an employer to a multiemployer plan by a mistake of fact or law," § 1103(c)(1) "shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake." *Id.* § 1103(c)(2)(A)(ii).

Under § 1103(c)(2)(A)(ii), the plan administrator initially determines (1) whether a contribution was made by a mistake of fact or law and (2) if so, whether the contribution should be returned. *U.S. Foodservice, Inc. v. Truck Drivers & Helpers Local Union No. 355 Health & Welfare Fund*, 700 F.3d 743, 747-49 (4th Cir. 2012); *see Park-Mark*, 700 F.3d at 1135 ("[A] fund's policies cannot be arbitrary and capricious, including the decision not to refund mistakenly made payments."); *Frank L. Ciminelli Constr. Co. v. Buffalo Laborers Supplemental Unemployment Benefit Fund*, 976 F.2d 834, 835 (2d Cir. 1992) ("[W]e have also held that an employer is entitled to repayment if it shows that the refusal to repay was arbitrary or capricious and 'the equities favor restitution.'"). Doran Construction did not submit its claims for return of payments to the plans' administrators before it asserted its counterclaims. The plans' administrators have not determined whether Doran Construction mistakenly made payments and whether any mistaken payments should be returned to Doran Construction. Under these circumstances, the Court concludes that dismissal of counts I, II, and III of Doran Construction's counterclaims without prejudice and with leave to replead them after the

plans' administrators make their determinations is appropriate. The Court sets a deadline 60 days from the date of this Order for Doran Construction to replead counts I, II, and III. If the parties require additional time, they may request it in writing.

The trustees also argued that Doran Construction's "claims fall outside any applicable limitations period." The Court expresses no opinion on this argument. *See Walker v. Barrett*, 650 F.3d 1198, 1203 (8th Cir. 2011).

To the extent the trustees raised new grounds in their reply to support their motion to dismiss, the Court declines to consider the arguments. *See* D. Minn. LR 7.1(c)(3)(B).

Finally, in the event the Court denied their motion, the trustees asked that their answer to Doran Construction's counterclaims be due 21 days after the denial. Having granted in part and denied in part the trustees' motion, the Court grants their request.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The trustees' motion to dismiss [Docket No. 8] is GRANTED IN PART and DENIED IN PART.

2. Counts I, II, and III of Doran Construction's counterclaims are DISMISSED WITHOUT PREJUDICE and with leave to replead them within 60 days of the date of this Order.

3. The trustees' answer is due within 21 days of the date of this Order.

Dated: June 8, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
